# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE MURRAY, *et al.* | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) 16-CV-08072 (PKC) |
| v. | ) |
| | ) |
| CITY OF NEW YORK, NEW YORK | ) (JURY TRIAL DEMANDED) |
| | ) |
|    Defendant. | ) |
| | ) |

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION
## FOR CONDITIONAL CERTIFICATION AND NOTICE TO PUTATIVE PLAINTIFFS

Gregory K. McGillivary
David Ricksecker
Sarah M. Block
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
gkm@wmlaborlaw.com
dr@wmlaborlaw.com
smb@wmlaborlaw.com

Hope Pordy
SPIVAK LIPTON LLP
1700 Broadway
Suite 2100
New York, N.Y 10019
Phone: (212) 765-2100
hpordy@spivaklipton.com

*Attorneys for Plaintiffs*

**I.   ARGUMENT** .................................................................................................................... 1

   A.   Plaintiffs Provided Factual Support Demonstrating They are Similarly Situated and Meet the Modest Burden for Conditional Certification .................................................................. 1

   B.   Plaintiffs' Proposed Notice is Adequate and Should be Approved as Written .................... 6

      *1.   The Class Definition is Appropriate* ................................................................. 6

      *2.   Notice Regarding Discovery Obligations is Unnecessary* ............................... 7

      *3.   Distribution of Notice Through Email is Well-Accepted and Appropriate* ..... 7

      *4.   The 90-Day Opt-In Period is Consistent with FLSA Practice* ......................... 8

      *5.   Using the Notice to Advise Plaintiffs of Their Right to Hire Their Own Attorney and Provide Defense Counsel's Information is Unnecessary* ..................................... 9

**II.   CONCLUSION** ............................................................................................................. 10

I.  ARGUMENT

Plaintiffs have demonstrated through numerous, detailed declarations that they are similarly situated to other employees in the same job titles—positions that defendant, the City of New York, itself created—and who are subject to the same pay and overtime policies and practices. *See* Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Conditional Certification and Notice to Putative Plaintiffs ("Memo. in Support"), Docket Entry ("DE") 34. In its opposition, defendant argues, *inter alia*, that plaintiffs' declarations are insufficient because they are "too similar," yet in nearly the same breath argues that they are also insufficient because there are minor differences in the specific work tasks plaintiffs perform. *See* Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification and Notice to Putative Plaintiffs ("Opp."), DE 37. Defendant also makes some objections to plaintiffs' proposed Notice.

This Court previously certified a collective action for individuals employed by DHS in the positions covered by this case in *Martin, et al. v. City of New York*. *See* Case No. 14-cv-8950 (TPG) (AJP), DE 30 (May 27, 2015). In *Martin*, Magistrate Judge Peck found, and Judge Griesa affirmed, that plaintiffs demonstrated that individuals in each of these positions were similarly situated to all others holding these same positions because the applicable facts relating to the payment of overtime by the City were common to all putative class members. *Id.*

As explained below, nothing has changed to now cause the court to deny conditional certification. Thus, plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Conditional Certification and issue their Proposed Notice.

> A.  **Plaintiffs Provided Factual Support Demonstrating They are Similarly Situated and Meet the Modest Burden for Conditional Certification**

As described in plaintiffs' opening brief, their burden at the conditional certification stage is low. *See, e.g., Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997); *see also*

Memo. in Support at 10–11. To establish they are similarly situated to other employees at this stage, plaintiffs must prove only that they and the putative class together were victims of a common policy or practice that violates the Fair Labor Standards Act ("FLSA"). *Id.*

Defendant argues that because the representative plaintiffs perform a "range of functions," it follows that they are not similarly situated. Opp. at 7. This is incorrect. Indeed, defendant concedes that the "similarly situated" standard does not require a showing that all employees [in the same job title] have "'perfectly identical' job duties." *Id.* (quoting *Pippins v. KPMG LLP*, 2012 U.S. Dist. LEXIS 949, at *15-16 (S.D.N.Y. 2012)). Instead, "Plaintiffs need only show that their positions are ***similar, not identical,*** to the positions held by the putative class members." *Ayers v. SGS Control Servs.*, 2007 U.S. Dist. LEXIS 19634, at *16 (S.D.N.Y. 2007) (emphasis added).

There are hundreds of employees at the Department for Homeless Services (DHS) in the positions of Community Coordinator, Community Associate, Community Assistant, Fraud Investigator, Associate Fraud Investigator, Caseworker, and Addiction Counselor. The plaintiffs perform similar job duties and with similar expectations as do those who hold the same job titles, across all DHS work locations. Memo. in Support, Exs. B–H, ¶¶ 3-4. In addition, all individuals in the titles of Community Coordinator, Community Associate, Community Assistant, Fraud Investigator, Associate Fraud Investigator, Caseworker, and Addiction Counselor are subject to the same pay policies and practices. Memo. in Support, Exs. B–H, ¶¶ 14–17.

Courts have frequently rejected attempts to limit conditional certification because of minor differences in job duties. As courts in the Second Circuit have repeatedly recognized, the relevant inquiry is not whether the employees have the same job description but instead whether they were subjected to similar wage and hour practices. *Calderon v. King Umberto, Inc.,* 892 F.

Supp. 2d 456, 464 (E.D.N.Y. 2012) (refusing to limit certification to positions held by named plaintiffs); *Summa v. Hofstra Univ.,* 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (certifying employees despite varying positions and functions); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (rejecting as frivolous defendant's argument that certification should be limited to due to differences in job functions). "The similarly situated analysis . . . centers upon the features which make the particular policy or practice unlawful." *Colozzi v. St. Joseph's Hospital Health Ctr.*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009). Thus, the individuals in the positions covered by this case are similarly situated because the defendant imposes **uniform, department-wide policies and practices on all DHS employees in these positions**, **at all locations**, which lead to uniform FLSA violations, as evidenced by plaintiffs' sworn declarations. *See* Memo. in Support, Exs. B–H.

In a confusing attempt to discredit the abundant evidence of the defendant's Agency-wide policies and practices, defendant argues that the uniformity with which plaintiffs present their evidence somehow makes that evidence unreliable. This is a nonsensical claim, as plaintiffs have provided sworn declarations based on their personal knowledge and experience as DHS employees in the covered positions. *See* Memo. in Support, Exs. B–H. That they have all declared that they are subject to the defendant's uniform policies and practices with respect to the payment, and non-payment, of overtime does not somehow render their declarations unreliable. Defendant is aware that the individuals employed in positions covered by this case, all of whom defendant itself chose to place in these job titles, perform similar job duties and are subject to the same unlawful pay practices.

Defendant further suggests that plaintiffs' declarations must be disregarded because they allegedly contain "boiler-plate, identical allegations." Opp. at 12. However, as noted *supra,*

3

plaintiffs' sworn declarations contain similar language because plaintiffs are all subject to the same policies and practices. Plaintiffs are not required to creatively word their declarations to convey information about identical policies and practices in different ways, using different words to explain the exact same department-wide policies and practices, in order to avoid such allegations. *See McNelley v. Aldi, Inc.*, 2009 U.S. Dist. LEXIS 130788, at *12 (N.D. Ohio Nov. 16, 2009) ("Although the declarations are short and substantially the same, potential opt-in plaintiffs are not required to make a lengthy detailed declaration in their own words or without the assistance of counsel."). Contrary to defendant's arguments, courts actually find that uniformity in plaintiffs' declarations *is itself evidence* that plaintiffs are similarly situated. *Mathews v. ALC Ptnr., Inc.*, 2009 U.S. Dist. LEXIS 75097, at *12-13 ( E.D. Mich. Aug. 24, 2009) ("[T]he uniformity that [the defendant] derides is in the Court's view a substantial indicator in favor of the plaintiffs being similarly situated. . . . [T]he fact that many plaintiffs can agree on a single formulation as accurately describing their job duties is a strong indicator that certification is appropriate.").

Defendant also claims that the plaintiffs' declarations are flawed because they fail to state the reasons for plaintiffs' knowledge, experience, and observations regarding other employees. However, it is eminently reasonable to expect that employees would observe their colleagues at work, as the plaintiffs here have declared, and have knowledge about the general practices of their employer. *Lujan v. Cabana Mgmt.*, 284 F.R.D. 50, 65 (E.D.N.Y. 2012) (discussing the basis of the personal knowledge in plaintiffs' affidavits and noting that "it is reasonable to infer that . . . employees would have first-hand knowledge of [their employer's] employee policies and practices by virtue of their tenure"); *Iglesias-Mendoza*, 239 F.R.D. at 368 (S.D.N.Y. 2007) ("Plaintiffs have easily made the modest showing that is required of them at [the conditional

4

certification] stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class."). Moreover, the types of violations at issue here, such as improper payment of compensatory time at a straight-time rate, clearly are policies applicable to all employees within DHS because defendant has utilized its Agency-wide computerized timekeeping system, CityTime, through which all DHS employees record their work time, to implement these unlawful policies. *E.g.*, Memo. in Support, Exs. B–H.

Finally, defendant improperly relies on the court's opinion in *Sanchez v. JMP Ventures, L.L.C.,* in contending that the declarations are "unsupported" and "conclusory." *See* Opp. at 12 (*citing* 2014 U.S. Dist. LEXIS 14980, at *5-6 (S.D.N.Y. Jan. 27, 2014)). The plaintiffs' declarations in this case are significantly different from those in *Sanchez*. For example, the plaintiff seeking certification in *Sanchez* submitted only a single declaration, which did not address many of the positions for which conditional certification was sought; here, plaintiffs have submitted seven declarations covering each position at issue during the relevant time period, which describe the specific and varying tasks performed by employees in each position based on each plaintiff's first-hand knowledge and experience. Similarly, each plaintiff describes the amount of work performed by employees in their position, and explain that defendant's unlawful policies and practices cause employees working in those positions to work overtime without proper compensation under the FLSA. This information was lacking in *Sanchez.* Finally, the *Sanchez* plaintiff's declaration covered only seven months of the requested three-year period for which he sought certification. Here, taken together, plaintiffs' declarations cover the entire period at issue and provide numerous examples of the uncompensated work alleged in this case. As such, plaintiffs' declarations easily meet their modest burden for conditional certification.

**B.     Plaintiffs' Proposed Notice is Adequate and Should Be Approved as Written**

Defendant argues that plaintiffs' notice is defective, claiming that (1) the class definition is overbroad; (2) the notice should advise eligible employees of their discovery obligations; (3) the proposed notice should be disseminated only by first class mail; (4) the 90-day opt-in period is too long; and (5) the proposed notice must advise putative plaintiffs of their right to hire their own attorney and include defense counsel's contact information. However, the purpose of sending notice to potential collective action members is to ensure that those putative plaintiffs have timely knowledge of the collective action and information regarding how to opt-in. As defendant's proposed revisions do nothing to advance this purpose, plaintiffs' proposed notice should be approved as written.

*1.     The Class Definition is Appropriate*

Defendant argues that the class definition should be limited to employees at DHS locations where each representative plaintiff worked. Opp. at 13–14. In making this argument, defendant relies on Judge Forrest's decision in *Lynch v. The City of New York*, Case No. 16-CV-05677-KBF, holding that "conditional certification should be limited to only those [employees in the identified civil service titles] at DHS's 33 Beaver Street location." *See* DE 38-2 [hereinafter "*Lynch* Decision"]. However, this case is wholly distinguishable from the instant action. In *Lynch*, every representative plaintiff works or worked at the 33 Beaver Street location. Further, all but a handful of the employees in the identified civil service titles (Principal Administrative Associate I and II), work or worked at the 33 Beaver Street location. In stark contrast, the representative plaintiffs in this action work or have worked at 9 different DHS locations during the relevant time period.

Additionally, plaintiffs should be included in the class based on their similar job duties and defendant's uniformly applicable pay practices and policies, regardless of their work

6

location. *Morris v. Lettire Constr., Corp.,* 896 F. Supp. 2d 265, 271 (S.D.N.Y. 2012) ("courts frequently authorize notice across all of the defendant's work sites"); *Capsolas v. Pasta Res., Inc.,* 2011 U.S. Dist. LEXIS 49926, at *3 (S.D.N.Y. May 9, 2011) (authorizing notice to all of defendants' restaurants, including those where no named plaintiff worked). Plaintiffs have shown, through their sworn declarations, that individuals in the positions covered by this case perform similar duties across various offices and divisions in more than one DHS location, and that all individuals in the covered job titles are subject to the same pay policies and practices. *See* Memo. in Support, Exs. B–H.

### 2. *Notice Regarding Discovery Obligations is Unnecessary*

Contrary to defendant's claims, courts in this Circuit disapprove of language that indicates that burdensome discovery may be required of opt-in plaintiffs. *See, e.g.*, *Schwerdtfeger v. Demarchelier Mgmt.*, 2011 U.S. Dist. LEXIS 60338, at *17 (S.D.N.Y. 2011). Information regarding discovery obligations, including the requirement to preserve relevant documents, and any relevant cost and fee information, will be provided to plaintiffs who opt-in to the lawsuit at the appropriate time **by plaintiffs' counsel**. Including the requested language confuses the purpose of the notice, which is to inform plaintiffs of their right to join the ongoing lawsuit.

### 3. *Distribution of Notice Through Email is Well-Accepted and Appropriate*

Defendant argues that it should not be required to provide the email addresses of its current employees, and that plaintiffs should be prohibited from disseminating the Notice through email. Courts, however, **routinely** permit notice to be distributed to potential plaintiffs on the employer's premises. *See, e.g., Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (requiring notice of the collective action to be posted on employee

bulletin boards and in other common areas). Distribution through a work-owned email address is analogous to posting notice on a workplace bulletin board, is not disruptive, and is an efficient method of notifying potential plaintiffs of their rights. As such, courts frequently allow the use of email distribution in addition to distribution through first class mail. *See e.g., Hernandez v. Merrill Lynch & Co.*, 2012 U.S. Dist. LEXIS 49822 (S.D.N.Y. Apr. 6, 2012); *Pippins v. KPMG LLP*, 2012 U.S. Dist. LEXIS 949, at *41 (S.D.N.Y. Jan. 3, 2012) ("Given the reality of communications today, that the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate."); *Jacob v. Duane Reade, Inc*., 2012 U.S. Dist. LEXIS 11053, at *29 (S.D.N.Y. Jan. 26, 2012) (approving plaintiffs' request to send notice through email). This is because the purpose of sending the notice is to ensure that all similarly situated persons actually receive notice and the opportunity to participate in the lawsuit.

While defendant relies on the *Lynch* decision in arguing that it "need only provide email addresses of potential opt-in plaintiffs if email is the primary method by which defendant formally communicates with the potential opt-in plaintiffs regarding wage and hour matters," Opp. at 16, plaintiffs have provided a declaration demonstrating that email is, in fact, the primary method by which defendant formally communicates with its employees regarding wage and hour matters.[1] Therefore, because email is the most efficient means of distributing notice and preserving potential plaintiffs' rights, this Court should order the defendant to produce known email addresses and permit plaintiffs to distribute notice through email.

### 4. The 90-Day Opt-In Period is Consistent with FLSA Practice

Defendant's suggestion that the opt-in period should be limited to 45 days runs afoul of the accepted, standard practice in this jurisdiction of approving 60-day opt-in periods for

---

[1] Declaration of Jasmine McNeill is attached hereto as Appendix A. Despite objecting on this basis, defendant provided no evidence to the contrary regarding email communication.

standard FLSA cases. *See e.g.*, *Whitehorn*, 767 F. Supp. 2d at 452 ("a 60 day [sic] period….is more consistent with FLSA practice"); *Bah v. Shoe Mania, Inc.*, 2009 WL 1357223, at *3-4 (S.D.N.Y. May 13, 2009) (60 days); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 107 (S.D.N.Y. 2003). The Second Circuit approves 90-day opt-in periods where special circumstances require an extended opt-in period. *See e.g.*, *In re Milos Litig.*, 2010 WL 199688, at *2 (S.D.N.Y. Jan. 11, 2010) (90 days); *Ruggles v. Wellpoint, Inc.*, 687 F. Supp 2d 30, 32 (N.D.N.Y. 2009) (approving 90-day opt-in period for a putative class of over 300 employees); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007) (approving 90-day period).

Plaintiffs, here, require an extended opt-in period because of the size of the putative class. Upon information and belief, there are approximately 844 DHS employees working in the positions covered by this case.[2] This class size creates a greater likelihood of stale addresses and lack of notice for the over 500 employees who have yet to opt-in. Thus, the size of the putative class is a special circumstance that warrants a 90-day opt-in period.

### 5. *Using the Notice to Advise Plaintiffs of Their Right to Hire Their Own Attorney and Provide Defense Counsel's Information is Unnecessary*

Defendants seek to include language that appears to suggest that an individual could opt-in to the lawsuit and choose to retain separate counsel. *See* Opp. at 16–17. Plaintiffs' notice clearly recognizes that an individual may bring their own lawsuit with separate counsel, but that, should an individual opt-in to this collective action, s/he is consenting to have plaintiffs as their representatives and plaintiffs' counsel as their—and the collective's—counsel. It would be impracticable to have opt-ins join the lawsuit, each with his/her own attorney. *See Adams v. Inter-con Sec. Sys.*, 242 F.R.D. 530, 541 (N.D.Cal. 2007) ("Suggesting that a plaintiff may opt in

---

[2] *Payrolls,* EMPIRE CENTER, http://seethroughny.net/payrolls (last visited Feb. 16, 2017).

and bring her own lawyer along would lead to confusion, inefficiency and cumbersome proceedings."); *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 632 (W.D. Wis. 2009) ("allowing each opt-in plaintiff to have his or her own lawyer is simply not workable.").

Finally, plaintiffs object to defendant's request to add their counsel's contact information to the Notice as well as language noting that putative collective members can contact defense counsel about the case, as the insertion of defense counsel's contact information is confusing, unnecessary, and entirely inappropriate. Limiting the Notice to plaintiffs' counsel's information is necessary because "those deciding to opt in are likely to be represented by plaintiff's counsel, and in any event certainly will not be represented by counsel for the defendant." *Iriarte v. Redwood Deli and Catering, Inc.*, 2008 U.S. Dist LEXIS 50072, at *12 (E.D.N.Y. June 30, 2008). Indeed, there is a conflict of interest in having defense counsel communicate with potential collective members who are inquiring about bringing a claim against defense counsel's clients. *See e.g.*, *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 632 (W.D. Wis. 2009) (the inclusion of language that an opt-in can contact Defendants' counsel is "both unnecessary and inappropriate.").

## II.     CONCLUSION

Accordingly, plaintiffs respectfully request that this Court: (1) authorize this case to proceed as a collective action; (2) order the defendant to provide plaintiffs' counsel with the names, last known addresses, and email addresses of all eligible DHS employees who have worked for the City of New York in all DHS facilities at any time since October 14, 2013; and (3) direct the issuance of plaintiffs' proposed notice to all prospective class members.

Dated: February 21, 2017                    Respectfully submitted,

*/s/ Gregory K. McGillivary*
Gregory K. McGillivary
David Ricksecker
Sarah M. Block
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
gkm@wmlaborlaw.com
dr@wmlaborlwa.com
smb@wmlaborlaw.com

*/s/ Hope Pordy*
Hope Pordy
SPIVAK LIPTON LLP
1700 Broadway
Suite 2100
New York, N.Y 10019
Phone: (212) 765-2100
hpordy@spivaklipton.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a copy of the foregoing Reply In Support Of Plaintiffs' Motion For Conditional Certification And Notice To Putative Plaintiffs and accompanying documents were served on the following individuals on February 21, 2017 by filing the document on the Court's ECF system:

Garrett S. Kamen
Assistant Corporation Counsel
Labor and Employment Law Division
Office of Zachary W. Carter, Corporation Counsel
    of the City of New York
100 Church Street
New York, NY 10007
Phone: (212) 356-2479
gkamen@law.nyc.gov

*Attorney for Defendant*

                                                   */s/   Gregory K. McGillivary*
                                                   Gregory K. McGillivary
                                                   WOODLEY & McGILLIVARY LLP
                                                   1101 Vermont Ave., NW
                                                   Suite 1000
                                                   Washington, DC 20005
                                                   Phone: (202) 833-8855
                                                   gkm@wmlaborlaw.com