UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MONIQUE MURRAY, et al.,

                Plaintiffs,                16-cv-8072 (PKC)

   -against-                         ORDER

CITY OF NEW YORK,

                Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Respectfully, the letter of April 21 does not, in the Court's view, respond to the inquiries in the April 3 Order, which stated: "Please explain what is meant in paragraph 11 by 'the parties agree to submit all unresolved issues that affect the calculation of damages and/or the issue of the amount of fees and expenses owed to the Court for a determination without a jury.' Based on what evidentiary record would the Court decide it? Would there be a trial?"

        Instead, the April 21 letter reiterates the parties optimism that all remaining issues will be settled. Proposing that the Court buy in to a yet-to-be-developed, ad hoc means of adjudication is a non-starter. See Letter of April 21 at p. 2 ("to the extent [the parties] are unable to do so [i.e. settle open matters] the parties request that they be permitted to brief legal issues for the Court to determine."). An Article III judge is not empowered to sit as an arbitrator and deicide legal and factual issues that the parties wish to have resolved outside of the adjudicative processes provided under federal law. Perhaps the parties wish to consider the retention of an arbitrator.

        Moreover, the statements in the April 21 letter do not match the stipulation. The stipulation recites "that the parties agree that the following claims will **not** be tried to the

jury . . . ." (Stip. ¶ 3.) But the letter implies something quite different, that the City "will not contest a number of the violations alleged by the plaintiffs – specifically, those set forth in Counts II through IV of the Second Amended Complaint." If that were true, one would think that the parties would have stipulated to defendants' liability on Counts II through IV, and they have not.

Application to approve the Stipulation and Order is denied without prejudice. The existing schedule for final pretrial submissions and a Final Pretrial Conference remains in place.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 22, 2020