UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MONIQUE MURRAY, et al.,

                        Plaintiffs,                    16-cv-8072 (PKC)

    -against-                                ORDER

CITY OF NEW YORK,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        At the time of issuance of its Order of April 29, 2020 (Doc 176), the Court had not examined plaintiffs' two versions of the verdict sheet—one if the Stipulation is approved the other if it is not. The Court appreciates the parties' efforts to streamline the case. As expected, plaintiffs' verdict sheets have assisted the Court in understanding the proposal.

        Plaintiffs' second version of the verdict sheet, the one proposed if the revised Stipulation and Order is entered, is problematic. It takes the judge and jury on a path to something other individual adjudication of a "case or controversy."

        The Supreme Court has noted: "The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only'." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 348 (2011) (quoting Califano v. Yamasaki, 442 U.S. 682, 700–701, (1979).) This is not a class action and, therefore, falls under the "usual rule." But even in the context of a class action in which some latitude is afforded, the Supreme Court has condemned "Trial by Formula:"

> The Court of Appeals believed that it was possible to replace such proceedings with Trial by Formula. A sample set of the class members

> would be selected, as to whom liability for sex discrimination and the backpay owing as a result would be determined in depositions supervised by a master. The percentage of claims determined to be valid would then be applied to the entire remaining class, and the number of (presumptively) valid claims thus derived would be multiplied by the average backpay award in the sample set to arrive at the entire class recovery—without further individualized proceedings.  We disapprove that novel project.

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. at 367.

There are many differences between the parties' proposal and the format condemned in Wal-Mart.  Most notably, the parties' proposal is on consent.  But it still has an Article III Court presiding over a trial that is an abstraction—Trial by Job Title.

A comparison of the two verdict sheets demonstrates the point.  The second version strips out the 13 individual Trial Plaintiffs and replaces them with job titles, e.g. "Community Assistant," "Associate Fraud Investigator."   The jury would be asked to decide "[o]n average" how many post-shift minutes per week a person with a given job title worked but was not paid. [1]  This is not adjudication of the claims of the individual parties.

The concept of a "test" or "bellweather" trial is not new. The parties are free to agree, if they choose, that the verdict on the claims of the Trial Plaintiffs will bind the Remaining Plaintiffs on some or all issues.   Alternatively, they could agree that the verdict will guide the settlement of the claims of the Remaining Plaintiffs.  See Manual for Complex Litigation § 20.132 at p.224 (FJC 4th ed. 2004).  But having a jury trial in a non-class action context to resolve the claims not of any named plaintiff—but instead persons working in a job title-- is both a "novel project" and a non-starter.

---

[1] The "average" would not necessarily represent the amount of time worked by any of the Trial Plaintiffs but would be the "average" for all persons working in a given job title.  While perhaps a small point, there is no indication whether the "average" would be for all persons in that job title or only the Trial Plaintiffs plus the so-called Remaining Plaintiffs.

SO ORDERED.

                                                P. Kevin Castel
                                         United States District Judge

Dated: New York, New York
         May 6, 2020