UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MONIQUE MURRAY, et al.,

                              Plaintiffs,                    16-cv-8072 (PKC) (BCM)

        -against-                                                  ORDER

CITY OF NEW YORK,

                              Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        This is an application for approval of a settlement with plaintiffs, who are

employees of the Department of Homeless Services ("DHS"), an agency of defendant City of

New York (the "City"). Plaintiffs filed suit alleging that the City violated the protections of the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

        The Court previously approved the settlement of plaintiffs' claims asserted in in

Counts II through IV of the Complaint. (Doc. 202.) Presently before the Court is an application

to approve the settlement of 483 individual plaintiffs' claims under Count I, which alleged a

failure to compensate them for pre-shift, post-shift and meal period overtime work. (Doc. 226.)

        Discovery in this action was extensive. A jury trial of the claims asserted in

Count I was scheduled to commence on March 31, 2021. (Doc. 216.)

        Counsel for the 483 plaintiffs represent that they have authority to enter into the

settlement. (Settlement Agreement ¶ 8.1.) All plaintiffs have been informed of the aggregate

terms of the settlement, the amount of attorneys' fees and costs sought, the individualized

amounts that each plaintiff will receive and the amounts co-plaintiffs will receive. (Faulman

Decl. ¶ 3.) No plaintiff has objected. (Id. ¶ 5.)

The aggregate gross amount of the settlement to be paid by the City is $7,874,492, consisting of $3,427,453.50 in backpay, $3,427,453.50 in liquidated damages and $1,019,586 in attorneys' fees and costs. Each plaintiff agreed to a 30% contingency fee, and because of the City's payment of $1,019,586 towards attorneys' fees, the plaintiffs will pay 20.36% toward attorneys' fees out of their share of the proceeds. Unrecovered costs total $75,107.12. The resulting net payment to the individual plaintiffs is the aggregate sum of $6,854,907. (Settlement Agrmt. Ex. A.)

The application for approval of the settlement sets forth the formula for determening the recovery of each plaintiff, and it appears fair and reasonable. The gross recovery of each plaintiff is set forth on a schedule submitted to the Court. There is no recovery for 22 of the 483 plaintiffs and the highest individual gross recovery is $22,883.84.

The terms of the releases provided by plaintiffs are narrowly tailored; they release claims asserted in Count I of the Complaint for the period plaintiffs worked in "covered titles" for DHS from October 14, 2013 through April 1, 2021. (Settlement Agreement ¶ 3.1.) The agreement acknowledges that the defendant City does not admit liability.  (Id. ¶ 5.1.)

This settlement appears to be a good-faith compromise of a disputed matter.  It was the product of arms-length negotiation in the context of hard-fought litigation.  A jury trial presented risks to the plaintiffs at trial, in post-verdict proceedings and on appeal.  Plaintiffs estimates that the gross recovery amounts to about 75% of the total amount of the backpay owed for pre- and post-shift overtime and meal periods, plus liquidated damages in an equal amount.

The plaintiffs entered into private fee agreements with plaintiffs' counsel providing for a 30% contingency fee, not an unreasonable amount.  Slightly less than 10% will be paid by the City with the balance paid by the individual plaintiffs.  In view of the complexity

of the work, the risks, and the results achieved, the Court concludes that attorneys' fees on Count I of \$2,339,815.46 (\$7,874,492 - \$75,107.12 = \$7,79,9384.88 x .30 = \$2,339,815.46) are approved, plus reasonable costs of \$75,107.12.  When the fees on Count I are taken into the full context of Counts I through IV, the lodestar of about \$1,681,277.50 (for Counts I through IV) in comparison to the attorneys' fees of \$2,629,814 (for Counts I through IV), a multiplier of about 1.6 is reasonable.

Considering the terms of and circumstances surrounding the settlement of Count I, and in light of <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015), <u>Fisher v. SD Protection Inc.</u>, 948 F.3d 593, 599-600 (2d Cir. 2020), and their progeny, the Court concludes that the terms of the settlement and fee award are fair and reasonable, and they are approved.

The action in its entirety is dismissed with prejudice with the Court retaining jurisdiction solely for the purpose of issues of settlement administration.  The letter motion (Doc. 222) is terminated as moot.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      April 23, 2021